171 So. 357

**NORVILLE et al. v. LOWENSTEIN et al.**

**1 Div. 914.**

Supreme Court of Alabama.

Dec. 17, 1936.

Marion R. Vickers, of Mobile, for appellants.

Lyons, Chamberlain & Courtney, of Mobile, for appellees.

BOULDIN, Justice.

In 1922 Norville Bros., real estate and insurance agents, leased for office purposes the lower floor of the Lowenstein building, No. 61 St. Francis street, Mobile, for a period of two years, beginning November 1, 1922. The written lease, executed by the lessor and lessees, gave the lessees an option to renew for one year on the same terms. Contemporaneous with this lease, the lessor, Florence Lowenstein (individually and as executrix of the will of Louis Lowenstein, deceased), executed to the lessees an instrument in writing, in form a letter, wherein it was agreed that, in consideration of entering into the lease, the lessees, during the period which said lease, or any renewal thereof, should be in force, would be given the renewals of all insurance upon the properties of the estate of Louis Lowenstein, deceased, situated in Mobile, and, upon the expiration of a contract with another agency, the lessees were to have the handling of the rentals of such properties, and the collection of rents.

A new lease was executed after the expiration of the original. Thereafter successive leases were executed, the final lease bearing date September 8, 1930. These successive leases made no reference to the collateral agreement giving the lessees the benefit of business in their line, during the period of any renewal of the original lease.

The instant suit was brought in April, 1933, by the lessees against the executors of the estate of the deceased lessor.

The purpose was to recover damages for alleged breach of the obligation to give the lessees the benefit of the insurance and rental business as stipulated in the agreement of 1922. The complaint, however, expressly counted on a breach of the final lease contract of September 8, 1930, and alleges, as part of the terms of this contract, the obligations set out in the collateral agreement of 1922. Damages are claimed for alleged breach of these obligations.

There was plea of the general issue, the statute of limitations, and the statute of nonclaim.

On the trial the plaintiffs offered in evidence the contract of 1922, which, for convenience, we call the collateral agreement, containing the stipulations alleged to have been breached. Objection was made by defendants on the ground that this was not the contract sued upon. This led to a discussion of the entire case by counsel. It appeared this collateral agreement was attached to the original lease of 1922.

The several successive leases were presented and offered in evidence. None of them made any reference to the collateral agreement. On their faces they did not purport to be renewals, but each a complete and distinct lease contract.

Plaintiffs conceived that on their faces they represented renewals, and for that reason the collateral agreement of 1922 should be read into the final lease of 1930, alleged to be in force when the breach occurred.

The court sustained objection to the collateral agreement, and to the leases severally, except the final lease of 1930, which appears to have been offered without objection.

Because of adverse rulings on the evidence, plaintiffs took a nonsuit with bill of exceptions.

The assignments of error are directed to the rejection of each of these documents as evidence.

Clearly the gravamen of the action was the breach of the promise of the lessor to give the lessees the benefit of certain insurance and real estate business. This promise or obligation appeared alone in the collateral agreement of 1922. This was not an agreement to renew a lease, nor an option to renew. It was a distinct agreement to give business of value to the lessees during the period of the original lease or any renewal thereof. The fact of a lease, calling for payment of rent for the use of the premises, was an express consideration for this contract.

The subsequent leases, if construed as renewals under the circumstances, were merely evidence of the continuance of this contract in force to the date of the alleged breach.

■ A written contract made at a remote time, in another and separate transaction, cannot be incorporated into a subsequent written contract without some reference to that effect.

The action should have been on the contract of 1922, the sole contract fixing the obligation alleged to have been breached, with further averments showing renewals to keep it in force to the time of the alleged breach.

The rulings of the court complained of on appeal were free from error.

In course of the discussion the plaintiffs offered to amend by substituting the date of the original lease in 1922, and asked that the complaint be treated as so amended. Defendants objected to such amendment. No ruling was made by the court on this offer to amend, nor on the objection thereto. Hence no exception was reserved, and no assignment of error thereon.

Much argument is devoted to the question whether these subsequent leases, in view of their form as original leases, and their varied details, such as the inclusion of the entire building, and a change of monthly rentals, are to be construed as renewals within the meaning of the collateral contract of 1922.

Appellants' view is that the continued relation of lessor and lessees was the controlling fact upon which the obligation to give the lessees certain business was to de-

pend. While the court expressed some views on this issue, no ruling was made to which exception was reserved. We need express no opinion on the subject.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.